NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1570

BAKER HUGHES, INCORPORATED
and BAKER PETROLITE CORPORATION,

Plaintiffs-Appellees,

v.

NALCO COMPANY,

Defendant-Appellant.

Appeal from the United States District Court for the Southern District of Texas in case no. 09-CV-1885, Judge Kenneth M. Hoyt.

ON MOTION

Before LOURIE, FRIEDMAN, and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

## ORDER

Nalco Company moves for a stay, pending appeal, of the preliminary injunction entered by the United States District Court for the Southern District of Texas. Baker Hughes Incorporated et al. (Baker Hughes) oppose. The court considers whether to vacate the district court's preliminary injunction and remand for further proceedings.

Baker Hughes brought this patent infringement suit alleging that Nalco infringed its patent related to a method for removing impurities from crude oil during the desalting process. Baker Hughes sought a preliminary injunction to prevent Nalco from performing or soliciting the use of the patented process. Nalco opposed the preliminary injunction motion, arguing, inter alia, that the movants could not meet their burden of

demonstrating that Baker Hughes would be irreparable harmed without a preliminary injunction. On September 11, 2009, the court granted Baker Hughes' motion for a preliminary injunction.

Nalco appeals and seeks to stay the injunction pending appeal. In its motions papers, Nalco argues, inter alia, that the district court abused its discretion by failing to make findings regarding whether Baker Hughes would face irreparable harm without a preliminary injunction. Baker Hughes concedes that the district court "did not explicitly state its findings of irreparable harm" but argues that a stay is not warranted because this court may rely on the district court's implicit findings regarding irreparable harm.

As we explained in Nutrition 21 v. United States, 930 F.2d 867, 869 (Fed. Cir. 1991), "[s]ufficient factual findings . . . are necessary to allow this court to have a basis for meaningful review. . . . Otherwise, this court has no basis for evaluating what facts entered into the district court's analysis or whether the district court's reasoning comports with the applicable legal standard."); see also Atlantic Thermoplastics Co., Inc. v. Faytex Corp., 970 F.2d 834, 837 (Fed. Cir. 1992) (district court's conclusory statements not sufficient to satisfy Fed. R. Civ. P. 52(a)); Transmatic, Inc. v. Gulton Indus., Inc., 53 F.3d 1270, 1276 (Fed. Cir. 1995) ("although the district court need not make elaborate findings on every factual issue raised, it must find and specify as many subsidiary facts as necessary to inform the reviewing court of the steps by which it determined factual issues and reached its ultimate conclusions").

Regarding irreparable harm, the district court summarized the parties' contrary positions but made no findings. That is not enough under this court's cases to provide meaningful review. Baker Hughes relies on Reebok Int'l Ltd. v. J. Baker, Inc., 32 F.3d

1552 (Fed. Cir. 1994) for its argument that the district court need not make express findings on irreparable harm and that we may thus review implicit findings. However, to the extent that Reebok permits a district court to decide a motion for a preliminary injunction without making express findings on all disputed issues, it is expressly limited to cases involving the denial of a preliminary injunction. See id. at 1556 ("we specifically decline today to require a district court to articulate findings on the third and forth factors when the court denies a preliminary injunction because a party fails to establish either of the two critical factors"). In the circumstances of this case, it was necessary for the district court to make findings on irreparable harm before granting the motion for a preliminary injunction.

In the interest of justice, of judicial efficiency and the conservation of the parties' resources, we determine that the best course in these circumstances is to vacate the district court's preliminary injunction and remand for further proceedings. The district court may, if it chooses, issue a new preliminary injunction accompanied by adequate findings and conclusions. We do not address the parties' other arguments at this time.

Accordingly,

IT IS ORDERED THAT:

(1)    The preliminary injunction is vacated and this case is remanded to the district court for further proceedings.

(2)    Nalco's motion for a stay, pending appeal, is moot.

FOR THE COURT

OCT 0 9 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

2009-1570                          3

OCT 0 9 2009

JAN HORBALY
CLERK

cc: Michael J. Abernathy, Esq.
  Warren W. Harris, Esq.

s19